By the Court.—Truax J.
One Sewell made two mortgages on November 2, 1885, upon certain per *341 sonal property then belonging to him, and then in his possession. One of these mortgages was made to one Chase, and the other was made to the defendants herein. Both were filed in the register’s office on the same day. The Chase, mortgage was refiled April 8, 1887, but the mortgage to the defendants has never been refiled. Sewell having made default, Chase took possession of the property mentioned in the mortgage, under his mortgage, on December 12, 1887, and on the following day said Sewell made a valid general assignment for the benefit of his creditors. Thereafter certain judgments were obtained against said Sewell, executions were issued on the said judgments to the sheriff of the city and county of New York, and on January 9, 1889, the sheriff sold to the plaintiff, by virtue of said executions, all the right, title and interest of the said Sewell in and to the said property. The plaintiff claims the right to the property by virtue of said sale to him, as aforesaid, and has brought his action against the defendants to recover damages for the conversion by the defendants of the said property, while the defendants claim under the Chase mortgage as well as under the mortgage to them.
We think that the case of Smith v. Payne, 56 Supre. Court. 451, is decisive of this case. It was held by this court in that case, that while an assignment for the benefit of creditors remains in force, the right to assail prior encumbrances is in the assignee, and is not in the judgment creditor. It is true that the sheriff sold all Sewell’s right, title and interest in and to the property of the plaintiff; but at the time of this sale Sewell had no right, title or interest in or to the property because he had parted with it by virtue of his general assignment ; and as that assignment remains in force, the assignee, and not the creditors of Sewell, would be entitled to the prop *342 erty. The defendants also claim the right to hold the property by reason of certain proceedings taken by them under the mortgage to them. It was shown on the trial that, before any levy had been made, under the executions that were issued on the judgments against Sewell, the defendants brought an action of replevin against Chase, Sewell and Sewell’s assignee. Such proceedings were had in said action' that the property mentioned in the complaint was delivered by the sheriff to the defendants. While the property was in the possession of the sheriff, under the warrant of replevin, a levy under the executions, which had been issued upon the judgments above referred to, was made. The plaintiff claims under the sale that was made by virtue of this levy. The case cannot be distinguished in-any material respect from the case of the First National Bank of Oswego v. Dunn, 97 N. Y. 149, in which it was held that where a chattel has been replevined, it may not, while in the possession of the sheriff, be levied upon by virtue of an execution against the defendant in the replevin action. Of course, if the property cannot be levied upon, no valid sale can be made under such a pretended levy, and the plaintiff did not acquire a valid title by his alleged purchase under such sale.
The judgment and order are affirmed with costs.
Freedman, J., concurred.